UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10452 |
| | : | CHAPTER 7 |
| GEORGE RANDOLPH SIPPLE, DEBTOR | : | |
| | : | |
|   GARY V. SKIBA, ESQ., TRUSTEE, | : | ADVERSARY NO. 08-1042 |
| Plaintiff | : | |
| vs. | : | |
| GEORGE RANDOLPH SIPPLE, | : | |
| WENDY M. SIPPLE, LILLIAN E. | : | |
| SIPPLE and PETER W. REYBURN, | : | |
| Defendants | : | |

APPEARANCES:

GARY V. SKIBA, ESQ., ERIE, PA, TRUSTEE AND ATTORNEY PRO SE
STANLEY G. BERLIN, ESQ., ERIE, PA, ATTORNEY FOR WENDY M. SIPPLE
WILLIAM J. SCHAAF, ESQ., ERIE, PA ATTORNEY FOR LILLIAN E. SIPPLE

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

February 11, 2009

## OPINION[1]

### I. Introduction.

George Randolph Sipple ("Debtor" or "Randy") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on May 1, 2006. Gary V. Skiba ("Trustee") serves as the Chapter 7 Trustee.

Prior to the bankruptcy filing, Debtor and Wendy M. Sipple ("Wendy") initiated a divorce proceeding in the Court of Common Pleas of Erie County, Pennsylvania (the "State Court"). In the divorce action, Wendy claims to be an owner of the building and real estate located at 822 West 12th Street, Erie, PA (the "Property"). Said property was conveyed to

---

[1] This Opinion constitutes the findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

George H. Sipple ("George" or "Father") and the Defendant, Lillian E. Sipple ("Lillian" or "Mother") or (George H. Sipple and Lillian E. Sipple, collectively, "Parents") by deed dated March 2, 1996.

The Trustee and Wendy assert that the Parents made an oral promise to convey the Property which was not fulfilled after part performance and that a constructive trust should be imposed upon Lillian for the conveyance of the Property to the Debtor and Wendy.[2]

Trustee also seeks a determination of Wendy's interest in the proceeds from the sale of a boat which was sold during the bankruptcy proceeding.

The Trustee and Wendy have agreed that all property found to be property of the bankruptcy estate would be subject to an equitable distribution of 50% to the estate and 50% to Wendy.

Peter W. Reyburn was named as a Defendant to ascertain whether he claims any interest in the proceeds from the sale of the boat. Reyburn acknowledges that he has no interest in the proceeds from the sale of the boat. The boat had been titled in Reyburn's name solely for convenience. Equitable ownership always remained with the Debtor.

Thus, the sole issue that remains for determination is whether the bankruptcy estate and Wendy have an ownership interest in the Property located at 822 W. 12th Street, Erie, PA.

II.   Service on Defendant George Randolph Sipple.

The Debtor's whereabouts are unknown. The Trustee filed a Motion to serve the Debtor by first class mail, postage prepaid, and addressed to the Debtor/Defendant George Randolph Sipple at his last known address and also to the addresses of Debtor's mother, Debtor's son and Debtor's sister.

---

[2] George H. Sipple died approximately 1998 and Lillian is now the record owner.

We found that service was appropriate. See In re Banks, 204 Fed. Appx. 141 (3rd Cir. 2006).

## II. Factual Discussion.

The Debtor's Parents acquired the Property by deed dated March 2, 1996, and recorded in Erie County Deed Book 934 at page 570. The Parents operated Sipple Radio and/or Sipple Electronics from the Property for years.

Debtor and Wendy were married in 1980. They spent $15,000 of their own money to build an apartment in the upstairs portion of the Property in which they lived rent free. They assisted in the operation of the business. In 1983, Debtor and Wendy bought a home and moved from the apartment. They rented the apartment to a third party and collected the rent. They continued to assist Debtor's Parents in the operation of the business. In 1986, the Debtor purchased an adjacent lot for parking. Debtor's Father planned to retire at the end of 1987. Debtor's Father and the Debtor negotiated Debtor's taking over the business operation. Wendy was not involved in the negotiations. Randy and Wendy assumed operation of the business on January 1, 1988, pursuant to an oral agreement under which they agreed to pay $250 per week to George H. Sipple and/or Lillian for the remainder of their lives.

The parties dispute whether the $250 per week payment included purchase of the Property.

Wendy asserts that the oral agreement under which she and Randy assumed operation of the business on January 1, 1988 in exchange for the payment of $250 per week for the duration of the lives of both of Debtor's Parents included the purchase of the Property. The totality of the facts, however, leads the Court to a different conclusion.

The Debtor and Wendy issued weekly checks to the Parents marked with the notation that the checks were being tendered for parts and merchandise. This is consistent with the Debtor and Wendy's accounting. The weekly payments were expensed to cost of goods sold.

After taking over operation of the business, debtor and Wendy borrowed $50,000 in order to build a second story to the building. The second story was leased out and used for storage. None of the rent went to the Parents.

Wendy posits that they would have never made these improvements if they did not own the building. This action, however, was consistent with them having years earlier constructed an apartment in the building when they did not own it and then rent it out and collect the rents.

It is also consistent with Wendy's testimony that Randy trusted his Parents to do the right thing; that Randy was destined for the business; and that it was just assumed that Randy would take over the business.

Randy was never concerned about a writing. He trusted his family and it was assumed he would eventually get the business.

Wendy had concerns. Those concerns became exacerbated when Randy and Wendy met with Attorney Shapira in the late 1990's or early 2000's on an unrelated transaction and the instant transaction was discussed in a casual conversation. Randy and Wendy advised Attorney Shapira that they had made the $250 weekly payments; that the Property was not in their names; and expressed concern over ramifications that other siblings would inherit upon Lillian's death. Wendy states that Attorney Shapira was shocked at the undocumented transaction and that she was scared by his reaction. Attorney Shapira informed Randy and Wendy that they needed a written agreement.

4

Lillian was taken to Attorney Shapira's office to discuss the concerns and the transfer of the deed. Lillian stated that she didn't quite realize that she would be turning over the Property to Randy and Wendy. The issue was not resolved.

Following the meeting with Attorney Shapira, Wendy began noting on the weekly checks that they were for "building payment" rather than as previously noted for "parts and merchandise."

Lillian's treatment of the funds received from Randy and Wendy as rental income on her tax returns is consistent with her statements that she did not realize that she would be turning over the Property and consistent with her testimony that the Property was not sold.

Randy and Wendy ceased making the $250 weekly payments in June 2005. Lillian filed an eviction action. Wendy received notice of the eviction. Lillian obtained a judgment for possession by default, and Wendy did not assert her ownership claim.

### III.  Law.

The Trustee and Wendy correctly state:

> The Restatement (Second) of Trusts summarizes the law into this formulation: "Although a trust of an interest in land is orally declared and no memorandum is signed, the trust is enforceable if, with the consent of the trustee, the beneficiary of such enters into possession of the land or makes valuable improvements thereon or irrevocably changes his position in reliance upon trust." Restatement (2d) of Trust § 50 (1959) (emphasis added). Supporting this black-letter law are hundreds of decisions (including several from Pennsylvania) set forth in two dated but still helpful annotations at 101 A.L.R. 923 (1936), and 33 A.L.R. 1489 (1924). The annotation in 33 A.L.R. states as follows:
>
>> The rule is well settled both in England and America, that if the vendee, under a verbal agreement for the purchase of real estate, expends labor or money in improving the same, the contract is thereby partly performed, and the Statute of Frauds has no application to it. In such a case the improvements by the vendee in possession constitute valuable and equitable consideration, and

5

> entitle him to specific execution to the contract, if
> he complies therewith fully on his part.
>
> 33 A.L.R. at 1491. "Likewise, a parol contract for the sale of land
> will be enforced specifically when the vendee, in addition to taking
> possession and erecting valuable improvements, pays the purchase
> money, or a portion thereof." 33 A.L.R. at 1492.

To establish an exception to the Statute of Frauds, it must first be shown that an agreement to convey was actually reached. An oral contract must be established by clear and convincing evidence. Temp-Wage Corp. v. Continental Bank, 139 B.R. 299 (E.D. PA. 1992). "One asserting an oral contract must show that the Contract was clear and precise." Orchard v. Covelli, 590 F. Supp. 1548, 1556 (W.D. PA 1984) citing Miller v. Wise, 33 Pa. Super. 589 (Pa. Super. 1907)

### IV.  Conclusion.

The evidence in this case does not measure up to this standard. Wendy and the Trustee have failed to satisfy their burden of showing that there was a parol contract for the sale and transfer of the Property between the Debtor and Wendy and Debtor's Parents in exchange for the $250 weekly payments. There is no evidence of an agreement that is certain and definite in its terms.

We find that the Trustee and Wendy have no ownership interest in the Property. The Property is owned by Lillian. An appropriate Order will be entered.

    /s/ Warren W. Bentz
    Warren W. Bentz
    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 06-10452 |
| | : CHAPTER 7 |
| GEORGE RANDOLPH SIPPLE, DEBTOR | : |
| | : |
| GARY V. SKIBA, ESQ., TRUSTEE, Plaintiff | : ADVERSARY NO. 08-1042 |
| vs. | : |
| GEORGE RANDOLPH SIPPLE, WENDY M. SIPPLE, LILLIAN E. SIPPLE and PETER W. REYBURN, Defendants | : |

## **ORDER**

This 11th day of February, 2009, in accordance with the accompanying Opinion, it shall be, and hereby is ORDERED as follows:

1. The real property located at 822 W. 12th Street, Erie, Pennsylvania is owned by Lillian E. Sipple.

2. George Randolph Sipple and Wendy M. Sipple, and therefore Gary V. Skiba, Trustee, have no interest in the real property located at 822 W. 12th Street, Erie, Pennsylvania.

3. Peter W. Reyburn has no interest in the proceeds of the boat sold by the Trustee.

4. Any property of the estate will be split, after expenses, with 50% remaining with the Trustee for distribution to the Debtor's creditors and 50% to Wendy M. Sipple on account of her equitable distribution claim.

      /s/ Warren W. Bentz
      Warren W. Bentz
      United States Bankruptcy Judge